IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CORNELIUS MARTIN, JR., <br><br>     Plaintiff <br><br>VS. <br><br>HILTON HALL, WARDEN, *et al.*, <br><br>     Defendants | NO. 5:08-CV-327 (CAR) <br><br>PROCEEDINGS UNDER 42 U.S.C. §1983 <br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Defendants WARDEN Hilton Hall and COMMISSIONER James E. Donald have filed a motion seeking DISMISSAL of the above-captioned action. Tab #18. Plaintiff Cornelius Martin, Jr. was ordered (Tab #21) to and has responded to this motion (Tab #23 and Tab #24). The defendants have filed a reply. Tab #25.

## BACKGROUND

Plaintiff Martin, an inmate currently confined at Coffee Correctional Facility, in Nicholls, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Tab #1. Plaintiff also filed a motion seeking to proceed *in forma pauperis*. Tab #2. Following the court's receipt and initial review of the plaintiff's complaint, and after a court order to re-file the claims using the appropriate forms (Tab #4), plaintiff Martin re-filed his complaint (Tab #5) as well as a new motion seeking to proceed *in forma pauperis* (Tab #6). Upon review of the plaintiff's motions for leave to proceed *in forma pauperis*, the undersigned ordered the plaintiff to submit a certified copy of his prison trust fund account statement for the preceding six (6) months. Tab #8. Following two responses filed by plaintiff Martin (Tab #9 and Tab #10), the undersigned granted the plaintiff's original motion to proceed *in forma pauperis* (Tab #2), and terminated the second *in forma pauperis* motion (Tab #6) as moot. Tab #11. The undersigned next recommended that certain claims and their respective defendants be dismissed from the action and ordered service upon the remaining defendants.[1] Tab #12.

---

[1] This recommendation was subsequently adopted by the district court. Tab #28.

Thereafter, plaintiff Martin filed a motion seeking to amend and supplement his Complaint. Tab #15.  Therein, he sought to expand his claims against defendants Hall and Donald and to add the State of Georgia as a party defendant.  This motion is still pending.  The defendants subsequently filed the their motion seeking dismissal on the basis that plaintiff Martin had failed to comply with the mandates of 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act.

## LEGAL STANDARD

The relevant section of the Prison Litigation Reform Act, more commonly referred to as the "three strikes rule," provides as follows:

> *In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g).

## DISCUSSION

In their motion, the defendants contend that the immediate revocation of the plaintiff's *in forma pauperis* status and dismissal of the plaintiff's case are appropriate because the plaintiff has exceeded the so-called "three strikes" provided for in 28 U.S.C. §1915(g).  Attached to the defendants' motion seeking dismissal are four (4) exhibits which appear to demonstrate the plaintiff's previous unsuccessful civil actions in which he, while incarcerated, was permitted to proceed *in forma pauperis*.[2]

---

[2]Before requiring the plaintiff to respond to the defendants' motion seeking dismissal, and upon the undersigned's observation that the documents submitted by the defendants which purported to show that the plaintiff had violated the "three strikes" rule appeared to be captioned as both Cornelius Martin, Jr., and Cornelius Martin, II, the undersigned ordered the defendants to ascertain whether the two names, in fact, referred to the same individual.  Tab #20.  The defendants responded to this order with affidavits indicating that the two names referred to the plaintiff.  Tab #22.  In addition, plaintiff Cornelius Martin, Jr. conceded that he is one and the same as Cornelius Martin, II.  Tab #23.

In his response, plaintiff Martin concedes that two of the four previous lawsuits identified by the defendants would count as "strikes" for purposes of 28 U.S.C. §1915(g). However, he argues that the other two cases cited and relied upon by the defendants should not be counted as "strikes" due to the way in which the they were dismissed. These two cases are *Martin v. Zenk*, 1:07-CV-0217-RLV (N.D. Ga. 2007) and *Martin v. United States of America*, 1:07-CV-1782-RLV (N.D. Ga. 2007).

In the case of *Martin v. Zenk*, *supra,* the court dismissed the action on the basis that plaintiff Martin failed to state a claim on which relief may be granted. *Id.* The stated basis for the court's conclusion that plaintiff Martin had failed to state a claim was the fact that he had failed exhaust his administrative remedies as required by the Prison Litigation Reform Act. *Id.* In his response to the defendants' motion seeking dismissal, Martin argues that lawsuits which are dismissed for failure to exhaust administrative remedies should not be considered "strikes" for purposes of 28 U.S.C. §1915(g) analysis. Plaintiff Martin is mistaken.

The Eleventh Circuit has held that "a claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d at 731 *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). As such, and despite the plaintiff's clever, though largely semantic arguments to the contrary, a case which has been properly dismissed for failure to exhaust administrative remedies *does* count as a "strike" under § 1915(g). *Rivera*, 144 F.3d at 731. For this reason, and with regard to the instant motion seeking dismissal, the case of *Martin v. Zenk* constitutes Martin's third "strike."

Because it is clear that plaintiff's history of filings includes at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, further consideration of the case of *Martin v. United States of America*, *supra*, is unnecessary. The only remaining analysis, therefore, is the determination of whether or not the plaintiff has made sufficient allegations to demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

Having reviewed the record in this case, it appears to the undersigned that nothing contained therein supports a finding that the plaintiff is in "imminent danger" as is contemplated by § 1915(g). He alleges that the defendants' failed to provide him with appropriate recreation time thus causing his extremity signal strength to be compromised.  This condition allegedly resulted in pain, muscle cramps, and tremors. Even if the court were to find that these assertions constitute serious physical injuries, it is clear that the danger of these injuries occurred in the past while he was incarcerated at the Georgia Diagnostic and Classification Prison.  However, he is no longer incarcerated at GD&CP; nor was he incarcerated there at the time he filed this action.  Accordingly, plaintiff Martin does not qualify for the "imminent danger of serious physical injury" exception to § 1915(g).

For the foregoing reasons, IT IS RECOMMENDED that plaintiff Martin's *in forma pauperis* status be **REVOKED** and that this action be **DISMISSED** without prejudice. If the plaintiff wishes to proceed with the claims he has presented in this action, he must submit a new complaint, along with the full filing fee.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.2002).  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 2nd day of JULY, 2009.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE